M. Caleb Meyer, Esq.
Nevada Bar No. 13379
Renee M. Finch, Esq.
Nevada Bar No. 13118
**MESSNER REEVES, LLP**
8945 West Russell Road, Suite 300
Las Vegas, NV 89148
Telephone:  (702) 363-5100
Facsimile:  (702) 363-5101
E-mail:   rfinch@messner.com
              cmeyer@messner.com
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NORMA MCGRATH, individually,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive<br><br>Defendants. | CASE NO: 2:23-cv-01748-ART-VCF<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL REVIEW REQUESTED** |

Plaintiff, NORMA MCGRATH ("Plaintiff"), by and through her counsel of record Steve Dimopoulos, Esq. and Michael L. Shirts, Esq. of DIMOPOULOS INJURY LAW, and Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its counsel of record, M. Caleb Meyer, Esq. and Renee M. Finch, Esq., of MESSNER REEVES, LLP, submit the following Joint Discovery Plan and Scheduling Order ("Plan").  The parties conducted a discovery planning conference on December 8, 2023, and submit the discovery plan for review and approval.  The date Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY appeared by filing an Answer was November 21, 2023.

The standard discovery plan would end discovery on May 20, 2024, with initial expert disclosures due on March 21, 2024 and rebuttal experts due on April 22, 2024. Given the nature of this matter, the parties are requesting special review to extend these standard deadlines as demonstrated

below. This matter involves allegations of bad faith and thus necessitates corporate discovery to include in-depth written discovery responses and corporate designee deposition(s). The parties are in the process of negotiating an applicable protective order and confidentiality stipulation that will require agreement prior to the disclosure of corporate policies and procedures. The claims file contains over 1,000 pages that will require redaction and the creation of an appropriate privilege log. For the parties to adequately prepare their claims and defenses related to the bad faith allegations, all the appropriate documents must be disclosed, reviewed, and sent to various experts. Plaintiff will request various corporate documents that will have to be internally identified and properly redacted prior to production. Typically, production of internal confidential and proprietary claims documents can include documents in the thousands of pages. This portion of the file alone is anticipated to take several months.

Further, both parties seek to identify and retain expert witnesses in preparation for the trial in this matter. Given that the expert disclosure dates are fast approaching on the standard schedule, both parties anticipate that there will be a request for additional time. To avoid a future request of that nature, the parties have agreed to submit a plan that contemplates nine (9) months of discovery instead of the standard six (6) month timeframe.

1. **<u>Changes in the timing, form or requirements for Rule 26(a) Disclosures:</u>** The parties have agreed the Rule 26(f) disclosure deadline is January 5, 2024.

2. **<u>Subjects on which discovery may be made:</u>**  The parties envision propounding written discovery, disclosing policies and procedures pursuant to protective order, conducting depositions of treating physicians, parties, corporate 30(b)(6) designees, and disclosed experts, and obtaining all relevant records through use of subpoena.  The parties also may conduct further discovery as may be allowed under the Federal Rules of Civil Procedure relating to the allegations set forth in Plaintiff's Complaint and Defendant's Answer.

3. **<u>Changes to limitations on discovery:</u>**  None.

4. **<u>Discovery of electronically stored information:</u>** The parties have implemented litigation holds and taken other reasonable measures to preserve relevant documents, including electronically stored information ("ESI"), that are maintained in locations and systems where such relevant information is likely to be found in accordance with the Rules.

5. **Proposed Discovery Schedule for Special Review:**

    a. Close of Discovery: August 21, 2024

    b. Amend pleadings and add parties: May 23, 2024

    c. Initial Expert Disclosures: June 24, 2024

    d. Rebuttal Expert Disclosures: July 24, 2024

    e. Dispositive Motions: September 20, 2024

    f. Pretrial Order: October 21, 2024*

*In the event that dispositive motions are filed, the date for filing the joint pretrial order will be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court.

6. **Federal Rule of Civil Procedure 26(a)(3) Disclosures:** All disclosures required by Fed.R.Civ.P. Rule 26(a)(3) and any objections shall be included in the pretrial order submitted pursuant to Paragraph 5 above. Said disclosures, and any objections thereto, must be made and implemented into the pretrial order no later than set forth in Paragraph 5.

7. **Alternative dispute resolution:** The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration and, if applicable, early neutral evaluation. The parties agreed alternative resolution is not feasible at this time, but they will revisit these possibilities in the future.

8. **Alternative forms of case disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties agree that trial by magistrate and the Short Trial Program are not appropriate for this case.

///

///

///

///

///

///

///

9. **Electronic evidence:** The parties certify that they discussed the presentation of electronic evidence to the jury at trial. At this stage they are unable to ascertain the need for electronic evidence and stipulate to meeting and conferring sixty (60) days in advance of trial to reach an agreement and protocol for such evidence, if needed.

IT IS RESPECTFULLY SUBMITTED.

| | |
|---|---|
| Dated this 4th day of January, 2024. | Dated this 4th day of January, 2024. |
| MESSNER REEVES, LLP. | DIMOPOULOS INJURY LAW |
| */s/ Renee M. Finch* | */s/ Michael L. Shirts* |
| M. Caleb Meyer, Esq.<br>Nevada Bar No. 13379<br>Renee M. Finch, Esq.<br>Nevada Bar No. 13118<br>8945 W. Russell Rd., Ste. 300<br>Las Vegas, NV 89148<br>*Attorneys for Defendants* | Steve Dimopoulos, Esq.<br>Nevada Bar No. 12729<br>Michael L. Shirts, Esq.<br>Nevada Bar No. 10223<br>6671 S. Las Vegas Blvd., Suite 275<br>Las Vegas, NV 89119<br>*Attorneys for Plaintiff* |

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 1-5-2024

**From:** Michael Shirts <ms@stevedimopoulos.com>
**Sent:** Wednesday, January 3, 2024 10:30 AM
**To:** Rhonda Onorato <ROnorato@messner.com>; Kenia Gutierrez Checchi <kg@stevedimopoulos.com>
**Cc:** Kim Shonfeld <kshonfeld@messner.com>; Renee Finch <rfinch@messner.com>; Michelle Ordway <mordway@messner.com>
**Subject:** RE: 10685.0033 - McGrath v. SFMAIC - Joint Discovery Plan and Scheduling Order
**[ EXTERNAL EMAIL ]**

You can affix my e-signature.  Thanks!



**Michael Shirts, Esq.**
(Licensed in NV & CA)
**Dimopoulos Law Firm**
P: (702) 800-6000
F: (702) 224-2114
6671 South Las Vegas Blvd., Suite 275
Las Vegas, NV 89119
WWW.STEVEDIMOPOULOS.COM

This e-mail communication is a confidential attorney-client communication intended only for the person named above.  If you are not the person named above, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please e-mail the sender that you have received the communication in error. Thank you.

IRS Circular 230 Notice:  To ensure compliance with requirements imposed by the IRS, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Rhonda Onorato <ROnorato@messner.com>
**Sent:** Tuesday, January 2, 2024 9:08 AM
**To:** Kenia Gutierrez Checchi <kg@stevedimopoulos.com>; Michael Shirts <ms@stevedimopoulos.com>
**Cc:** Kim Shonfeld <kshonfeld@messner.com>; Renee Finch <rfinch@messner.com>; Michelle Ordway <mordway@messner.com>
**Subject:** 10685.0033 - McGrath v. SFMAIC - Joint Discovery Plan and Scheduling Order

Attached you will find the proposed Joint Discovery Plan and Scheduling Order for your review and approval.   Once you have reviewed, and if you have no revisions, please provide approval for use of your e-signature.   Thank you.

**RHONDA ONORATO**
Paralegal
**Messner Reeves LLP**
**O:** 702.363.5100 **E:** ronorato@messner.com
8945 W. Russell Road, Suite 300, Las Vegas, NV 89148

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.